UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ST. FRANCIS HOLDINGS, LLC; and
FRANCIS J. AVERILL, M.D.,

      Plaintiffs,

v.                                Case No. 8:20-cv-1101-T-02AAS

PAWNEE LEASING
CORPORATION; and
AMUR EQUIPMENT FINANCE, INC.

      Defendants.
_____/

## ORDER GRANTING AMUR EQUIPMENT FINANCE, INC.'S MOTION TO TRANSFER VENUE

This matter comes before the Court on Defendant Amur Equipment Finance, Inc.'s Motion to Transfer Venue. Dkt. 83. Defendant Amur argues this Court should sever and transfer the claims against it to the United States District Court for the Eastern District of New York in accordance with a forum-selection clause found in a contract between Plaintiffs and MMP Capital, Inc ("MMP Capital"). *Id.* at 2. Plaintiffs St. Francis Holdings LLC and Dr. Francis Averill filed a response. Dkt. 84. Defendant Amur then replied. Dkt. 87. With the benefit of full briefing, the Court grants the motion and orders the claims against Defendant Amur to be transferred to the United States District Court for the Eastern District of New York.

## BACKGROUND

The Court detailed the factual background of this case in two previous orders. Dkts. 81 and 88. The Court adopts those facts and adds the following information.

Plaintiffs entered into an agreement with MMP Capital, an equipment financing company, in July 2019. Dkt. 21, Ex. 10. This equipment finance agreement (the "EFA") provided Plaintiffs with financing to procure the TempSure RF System—a device that purportedly reduces the appearance of wrinkles. Dkt. 21 at 6. Both Plaintiffs—St. Francis Holdings LLC and Dr. Averill, who is also a licensed attorney—signed the agreement. Dkt. 21, Ex. 10. The EFA included the following provisions regarding venue:

> This EFA shall be governed and construed under the laws of the State of New York (NY)
>
> . . .
>
> You submit to the jurisdiction of NY and agree that the state and federal courts sitting in Nassau County, New York, shall have the exclusive jurisdiction over any action or proceeding to enforce this EFA or any action or proceeding arising under this EFA.
>
> . . .
>
> You waive any objection based upon improper venue and/or forum non-conveniens.

*Id.* The EFA also included the following assignment provisions:

2

> [MMP Capital] may assign this EFA in whole or in part, without notice to you or your consent. You agree that our assignee will have the same rights and benefits that we have now, but will not be subject to any claims, defenses or set offs that you may have against us.

*Id.*

Pursuant to a separate agreement ("the Assignment"), MMP Capital assigned its interests under the EFA to Defendant Amur in July 2019. Dkt. 83, Ex. B. The Assignment contained the following provisions:

> Assignor is not making an absolute assignment of Assignor's right, title and interest therein but only a collateral assignment of such right, title and interest as hereinafter provided. Assignor hereby sells, assigns, and transfers to AMUR EQUIPMENT FINANCE, INC. the Payments and assigns its other rights in the [EFA] pursuant to the following.
>
> . . .
>
> Without limiting the generality of the foregoing, AMUR EQUIPMENT FINANCE, INC. shall have the right to . . . deal with the Assigned Contract, any related documents, and the Equipment in such a manner as Assignor could have in the absence of this Assignment and at such times as AMUR EQUIPMENT FINANCE, INC. shall, in its sole discretion deem advisable . . . and take all legal or other proceedings which Assignor could have taken with respect to the Assigned Contract and related documents, including, without limitation the enforcement of rights and remedies under the Assigned Contract following an event of default thereunder.

*Id*. Amur filed a UCC Financing Statement with the Florida Secretary of State in July 2019, claiming a security interest in the Plaintiffs' TempSure System. Dkt. 21, Ex. 11.

3

Defendant Amur now moves to transfer venue under 28 U.S.C. § 1404(a), arguing that the mandatory forum-selection clause in the EFA requires transfer of the claims against it to a federal court in New York. Dkt. 83. Plaintiffs argue that these claims should remain before this Court. Dkt. 84.

## LEGAL STANDARD

Litigants may enforce forum-selection clauses through 28 U.S.C. § 1404(a). *See Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 59 (2013). That statute provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

§ 1404(a).

The presence of a valid forum-selection clause requires courts to adjust their usual § 1404(a) analysis in three ways. *See Atl. Marine*, 571 U.S. at 63. First, courts can no longer accord any weight to the plaintiff's choice of forum. *Id.* This shifts the burden onto the plaintiff to prove that enforcement of the forum-selection clause is not warranted. *Id.* at 63-64. Second, when considering whether to transfer a case pursuant to a mandatory forum-selection clause, courts may no longer consider arguments about the parties' private interests. *Id.* at 64. By agreeing to a forum-selection clause, the plaintiff effectively waived any argument that the pre-selected forum is inconvenient. *Id.* This means courts can only evaluate public-

4

interest factors when evaluating such claims. *Id.* Finally, when a party breaches a forum-selection clause by filing suit in a different forum, a § 1404(a) transfer of venue does not carry the original venue's choice-of-law rules. *Id.*

This modified analysis requires courts to give forum-selection clauses controlling weight "in all but the most exceptional cases." *Id.* at 60 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988)). In fact, the Eleventh Circuit has noted that "an enforceable forum-selection clause carries near-determinative weight in this analysis." *GDG Acquisitions, LLC v. Gov't of Belize*, 749 F.3d 1024, 1028 (11th Cir. 2014).

## LEGAL ANALYSIS

### I. The Assignment Gives Defendant Amur the Right to Enforce the EFA's Forum-Selection Clause.

This Court has already determined that the EFA's forum-selection clause is mandatory and enforceable. Dkt. 81. Nevertheless, Plaintiffs offer two arguments why Defendant Amur cannot rely on this clause to transfer the claims against it. First, Plaintiffs argue Defendant Amur lacks standing to enforce the forum-selection clause because the assignment between MMP Capital and Defendant Amur was not a "true assignment," Defendant Amur was a non-signatory to the EFA, and Defendant Amur was not an intended third-party beneficiary of the EFA. Second, Plaintiffs argue it was not foreseeable that Defendant Amur would enforce the forum-selection clause. The Court will address each argument below.

5

## A. Defendant Amur Has Standing to Enforce the Clause.

An assignment under Florida law is "like any other contract." *Hartford Ins. Co. of The Midwest v. O'Connor*, 855 So. 2d 189, 191 (Fla. 5th DCA 2003). Generally, all types of contractual rights are capable of being assigned under Florida law. *See* Fla. Stat. § 672.210; *see also Kohl v. Blue Cross & Blue Shield of Fla., Inc.*, 988 So. 2d 654, 658 (Fla. 4th DCA 2008). The intent of the parties determines the existence of an assignment. *See Boulevard Nat'l Bank of Miami v. Air Metal Indus., Inc.*, 176 So. 2d 94, 97 (Fla. 1965). Courts look to the plain language of the parties' agreement to determine the scope of the assignment. *See Giles v. Sun Bank, N.A.*, 450 So. 2d 258, 260 (Fla. 5th DCA 1984). Once a valid assignment occurs, the assignee stands in the shoes of the assignor and may enforce the contract. *See, e.g.*, *Dove v. McCormick*, 698 So. 2d 585, 589 (Fla. 5th DCA 1997); *State Farm Fire & Cas. Co. v. Ray*, 556 So. 2d 811, 813 (Fla. 5th DCA 1990).

Here, Plaintiffs argue this is not a "true assignment" that gives Defendant Amur standing to enforce the forum-selection clause. Dkt. 84 at 8. They argue the Assignment only provides Defendant Amur the right to receive payments from Plaintiffs, without the power to enforce any other provisions in the EFA. *Id.* To support this argument, Plaintiffs rely on the following sentence from the Assignment: "Assignor is not making absolute assignment of Assignor's right,

6

title, and interest therein but only a collateral assignment of such right, title and interest as hereinafter provided." *Id.* (citing Dkt. 83, Ex. 13).

The Court rejects Plaintiffs' argument. Plaintiffs ignore the "as hereinafter provided" language in the aforementioned provision, as well as several provisions in the Assignment that give Defendant Amur the power to enforce the terms of the EFA. For example, the Assignment gives Defendant Amur the right to "take all legal or other proceedings which Assignor could have taken with respect to the Assigned Contract and related documents, *including, without limitation the enforcement of rights and remedies under the Assigned Contract*[.]" Dkt. 83, Ex. B (emphasis added). Moreover, the Assignment gives Defendant Amur the right to "*deal with the Assigned Contract*, any related documents and the Equipment *in such a manner as Assignor could have* in the absence of this Assignment." *Id.* (emphasis added). These provisions show MMP Capital intended Defendant Amur to enjoy the same rights that it enjoyed under the EFA, including the right to enforce the forum-selection clause. *See Air Metal Indus.*, 176 So. 2d at 97 (holding that the intent of the parties determines the scope of an assignment). Thus, even if Plaintiffs are correct that this is not an "absolute" assignment of every right under the EFA, the Assignment clearly gives Defendant Amur the right to enforce the forum-selection clause. The Court therefore finds that Defendant Amur has standing to enforce the forum-selection clause as an assignee. *See Ray*, 556 So. 2d

at 813 (finding that an assignee may enforce the performance of an obligation due under an assigned contract).

Plaintiffs' other standing arguments are unavailing. First, Plaintiffs argue Defendant Amur does not have standing to enforce the forum-selection clause because it is a non-signatory to the EFA. Dkt. 84 at 10. Yet Florida law is clear that the mere fact a party is a non-signatory to an agreement is not a basis to preclude enforcement of a forum-selection clause. *See, e.g.*, *Citigroup Inc. v. Caputo*, 957 So. 2d 98, 102 (Fla. 4th DCA 2007) (holding that a non-signatory may enforce a signatory's forum-selection clause). Additionally, although Defendant Amur did not sign the EFA itself, it became a party to the EFA through MMP Capital's valid assignment. *See LLP Mortg., Ltd. v. Cravero*, 851 So. 2d 897, 898 (Fla. 4th DCA 2003) (observing "the rather universally followed proposition that an assignee stands in the shoes of the assignor and has all the rights enjoyed by the assignor") (citing *Dubbin v. Capital Nat'l Bank of Miami*, 264 So. 2d 1 (Fla. 1972)). Second, Plaintiffs argue Defendant Amur was not an intended third-party beneficiary of the EFA. Dkt. 84 at 10. This argument fails for similar reasons; it is immaterial whether Defendant Amur was a third-party beneficiary because it is a valid assignee with standing to enforce the forum-selection clause.

### B. It Was Foreseeable Defendant Amur Would Rely on the Forum-Selection Clause.

Plaintiffs next argue Defendant Amur cannot enforce the forum-selection clause because it was not foreseeable that Defendant Amur would attempt to do so. Dkt. 84 at 10. Plaintiffs say they were not made aware of MMP Capital's assignment to Defendant Amur prior to its execution. *Id.* In fact, Plaintiffs claim they were not even aware that assignment was a possibility under the EFA. *Id.* They argue this lack of foreseeability destroys Defendant Amur's ability to enforce the forum-selection clause. *Id.*

The plain language of the EFA contradicts Plaintiffs' arguments. The EFA expressly provides that MMP Capital had the power to assign its interests in the agreement to another party—without the need to provide Plaintiffs any notice. Dkt. 21, Ex. 10. Indeed, the EFA states that assignees—like Defendant Amur—would have the "same rights and benefits" as MMP Capital. *Id.* There is no anti-assignment clause restricting MMP Capital's ability to assign its rights under the EFA. Thus, in total, these provisions paint a clear picture that MMP Capital had the power to assign its rights under the EFA, including its right to enforce the forum-selection clause. Plaintiffs are bound by the clear terms of the EFA. This is especially true considering Dr. Averill is a licensed attorney who understands the binding nature of contracts. Accordingly, Plaintiffs cannot prevent Defendant Amur from enforcing the clause on this basis.

## II.     A Modified *Forum Non Conveniens* Analysis Favors Transfer.

Finally, because Defendant Amur has standing to enforce the forum-selection clause, the last step is examining whether transfer is warranted under a modified *forum non conveniens* analysis. This requires the Court to assess whether an adequate alternative forum is available and whether public-interest factors weigh against transfer. *See Atl. Marine*, 571 U.S. at 63-65; *see also GDG Acquisitions*, 749 F.3d at 1028. Public-interest factors include: "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981) (quotation marks omitted). Courts may not consider private-interest factors[1] when there is a valid and mandatory forum-selection clause at issue. *See Atl. Marine*, 571 U.S. at 64. Because the public-interest factors will rarely defeat a motion to transfer, courts should give forum-selection clauses controlling weight "in all but the most exceptional cases." *Id.* at 60 (quoting *Stewart*, 487 U.S. at 33).

---

[1] Private-interest factors include: "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *See Reyno*, 454 U.S. at 241 n.6 (internal quotations omitted).

Here, Plaintiffs have failed to prove this is an exceptional case where the public-interest factors weigh against transfer. First, the pre-selected jurisdiction in New York is an adequate alternative forum that can ably adjudicate Plaintiffs' claims. The EFA has a choice-of-law provision that requires the application of New York law to this dispute. Dkt. 21, Exs. 4 and 10. The pre-selected forum is therefore at home with the applicable law, which weighs in favor of transfer. *See Reyno*, 454 U.S. at 241 n.6. Additionally, the U.S. District Court for the Eastern District of New York is already adjudicating Plaintiffs' claims against MMP Capital, which are also based on the EFA. Transfer here would therefore promote consistency and judicial economy by allowing one court to interpret the EFA. Finally, this is not a localized controversy in which it is particularly important to resolve the claims in Florida. Defendant Amur is a Nebraska corporation with its principal place of business in Nebraska. Dkt. 21 at 5. And to the extent Plaintiffs argue it would be easier or more efficient to gather evidence and litigate their claims in Florida, these are private-interest factors that the Court cannot consider. *See Atl. Marine*, 571 U.S. at 64.

In sum, the Court concludes that the modified § 1404(a) analysis favors transferring the claims against Defendant Amur. The pre-selected jurisdiction in New York is an adequate and available forum. Plaintiffs can reinstate their claims in this forum without undue prejudice. Moreover, the public-interest factors weigh

in favor of the pre-selected forum, and there are no extraordinary circumstances that warrant deviating from the usual rule that mandatory forum-selection clauses control.

## CONCLUSION

Defendant Amur's Motion to Transfer (Dkt. 83) is **GRANTED**. The Clerk of Court is directed to **TRANSFER** the claims against Defendant Amur to the United States District Court for the Eastern District of New York.

**DONE AND ORDERED** at Tampa, Florida, on November 17, 2020.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record