UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ST. FRANCIS LLC, and
FRANCIS J. AVERILL, M.D.,

    Plaintiffs,                             Case No. 8:20-CV-1101-T-02AAS

v.

CYNOSURE, INC. N/K/A
CYNOSURE, LLC, PAWNEE LEASING
CORPORATION, MMP CAPITAL, INC.,
and AMUR EQUIPMENT FINANCE, INC.

    Defendants.
_____/

## ANSWER AND DEFENSES TO SECOND AMENDED COMPLAINT

Defendant, Pawnee Leasing Corporation ("Pawnee"), hereby files its Answer and Defenses to Second Amended Complaint, and states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Without knowledge, and therefore denied.

2. Without knowledge, and therefore denied.

3. Admitted that St. Francis and Cynosure, LLC entered into an agreement related to the SculpSure System and that the SculpSure System was shipped to Plaintiffs' offices in Florida. Otherwise, without knowledge, and therefore denied.

4. Admitted.

5. Admitted in that the website speaks for itself. Otherwise denied.

6. Admitted that Pawnee entered into the Pawnee Lease Agreement with St. Francis with Dr. Averill acting as a Guarantor. The Pawnee Lease Agreement speaks for itself. Otherwise, denied.

7. Admitted.

8. Admitted.

9. The Pawnee Lease Agreement speaks for itself. Denied that Pawnee has withdrawn any "monthly lease payments" from St. Francis's bank account. Otherwise, denied.

10. Denied.

11. Denied.

12. Without knowledge, and therefore denied.

13. Admitted that this Court has jurisdiction over this matter. Otherwise, denied.

14. Admitted that venue is proper in this Court. Otherwise, denied.

## GENERAL ALLEGATIONS

### *Cynosure Equipment and Marketing Tactics*

15. Without knowledge, and therefore denied.

16. Without knowledge, and therefore denied.

17. Without knowledge, and therefore denied.

18. Without knowledge, and therefore denied.

19. Without knowledge, and therefore denied.

20. Without knowledge, and therefore denied.

21. Without knowledge, and therefore denied.

22. Without knowledge, and therefore denied.

23. Without knowledge, and therefore denied.

24. Without knowledge, and therefore denied.

25. Without knowledge, and therefore denied.

26. Without knowledge, and therefore denied.

27. Without knowledge, and therefore denied.

28. Without knowledge, and therefore denied.

29. Without knowledge, and therefore denied.

30. Admitted that Cynosure works with third-party leasing and equipment financing companies such as Pawnee and MMP Capital, otherwise, without knowledge, and therefore denied.

31. Admitted only that Exhibit 3 speaks for itself. Otherwise, denied.

32. Denied.

33. Denied.

34. Denied.

35. Pawnee's website speaks for itself. Otherwise, denied.

### *June 26, 2019 Sales Pitch and the Financing Agreements*

36. Without knowledge, and therefore denied.

37. Without knowledge, and therefore denied.

38. Denied that Pawnee "knew of the systemic issues concerning certain attributes of the SculpSure System." Pawnee is without knowledge as to the remainder of the allegations in this paragraph, therefore, denied.

39. Denied that Mr. Huston acted on Pawnee's behalf. Otherwise, without knowledge, and therefore denied.

40. Without knowledge, and therefore denied.

41. Without knowledge, and therefore denied.

42. Denied that Pawnee was "well aware that Cynosure's customers were almost entirely based in the aesthetics and cosmetics industries, and Cynosure did not service medical practices such as St. Francis." Otherwise, without knowledge, and therefore denied.

43. Denied that Mr. Huston acted on Pawnee's behalf. Otherwise, without knowledge, and therefore denied.

44. Denied that Mr. Huston acted on Pawnee's behalf. Otherwise, without knowledge, and therefore denied.

45. Denied that Mr. Huston acted on Pawnee's behalf. Otherwise, without knowledge, and therefore denied.

46. Denied that Mr. Huston made any representations on Pawnee's behalf. Otherwise, without knowledge, and therefore denied.

47. Denied that Mr. Huston made any statements on Pawnee's behalf or that he had authority to act on Pawnee's behalf. Admitted that the correspondence attached to the Second Amended Complaint as Exhibit 11 was

sent to Pawnee. That correspondence speaks for itself. Otherwise, without knowledge, and therefore denied.

48. Denied that Mr. Huston acted on Pawnee's behalf. Otherwise, without knowledge, and therefore denied.

49. Admitted that Plaintiffs executed the Pawnee Lease Agreement on June 26, 2019. Otherwise, without knowledge, and therefore denied.

50. Without knowledge, and therefore denied.

51. Admitted that Pawnee executed the Pawnee Lease Agreement on July 11, 2019. Otherwise, without knowledge, and therefore denied.

52. The Pawnee Lease Agreement speaks for itself. Otherwise, denied.

53. The Pawnee Lease Agreement speaks for itself. Otherwise, denied.

54. The Pawnee Lease Agreement speaks for itself. Otherwise, denied.

55. The Pawnee Lease Agreement speaks for itself. Otherwise, denied.

56. The Pawnee Lease Agreement speaks for itself. Otherwise, denied.

57. Admitted that Pawnee sent St. Francis an invoice in the amount of $3,263.48, which speaks for itself. Admitted that, pursuant to the terms of the Pawnee Lease Agreement, Pawnee withdrew from St. Francis's bank account $350 on July 15, 2019 and $99 on August 1, 2019. Otherwise, denied.

58. Without knowledge, and therefore denied.

### *The Picture Painted by Huston's Sales Pitch Unravels*

59. Admitted that the SculpSure System was delivered to Plaintiffs' offices, assembled and installed. Otherwise, without knowledge, and therefore denied.

60. Without knowledge, and therefore denied.

61. Without knowledge, and therefore denied.

62. Without knowledge, and therefore denied.

63. Admitted that on or around July 25, 2019, Plaintiffs contacted Pawnee and requested that Pawnee cancel the Pawnee Lease Agreement. Admitted that Pawnee refused to cancel the Pawnee Lease Agreement. Otherwise, without knowledge, and therefore denied.

64. Without knowledge, and therefore denied.

65. Without knowledge, and therefore denied.

66. Without knowledge, and therefore denied.

67. Without knowledge, and therefore denied.

68. Without knowledge, and therefore denied.

69. Without knowledge, and therefore denied.

70. Without knowledge, and therefore denied.

71. Without knowledge, and therefore denied.

72. Without knowledge, and therefore denied.

73. Without knowledge, and therefore denied.

74. Without knowledge, and therefore denied.

75. Denied that Pawnee knew, or should have known, that the SculpSure System was not well suited for Plaintiffs' practice and patient base. Otherwise, without knowledge, and therefore denied.

76. Without knowledge, and therefore denied.

77. Without knowledge, and therefore denied.

78. Without knowledge, and therefore denied.

79. Without knowledge, and therefore denied.

80. Without knowledge, and therefore denied.

81. Admitted that the correspondence attached to the Second Amended Complaint as Exhibit 11 was sent to Pawnee. That correspondence speaks for itself. Otherwise, denied.

82. Without knowledge, and therefore denied.

83. Without knowledge, and therefore denied.

84. Without knowledge, and therefore denied.

85. Admitted only that Exhibit 15 speaks for itself. Otherwise, denied.

86. Without knowledge, and therefore denied.

87. Denied that Mr. Huston made any statements on behalf of Pawnee. Otherwise, without knowledge, and therefore denied.

88. Without knowledge, and therefore denied.

89. Without knowledge, and therefore denied.

90. Denied.

91. Without knowledge, and therefore denied.

92. Admitted.

## COUNT I
## BREACH OF CONTRACT
### By St. Francis and Dr. Averill Against Pawnee

93. Pawnee incorporates its responses to paragraphs 1 through 92 hereof as though fully set forth herein.

94. Admitted.

95. The Pawnee Lease Agreement speaks for itself. Otherwise, denied.

96. The Pawnee Lease Agreement speaks for itself. Otherwise, denied.

97. Denied.

98. Admitted that Plaintiffs' July 25, 2019 attempt to cancel the Pawnee Lease Agreement occurred after the SculpSure System was delivered to Plaintiffs' offices and after the Pawnee Lease Agreement was signed. Otherwise, without knowledge, and therefore denied.

99. Denied.

100. Without knowledge, and therefore denied.

101. Admitted that the correspondence attached to the Second Amended Complaint as Exhibit 11 was sent to Pawnee. That correspondence speaks for itself. Otherwise, denied.

102. Admitted that Plaintiffs' August 7, 2019 correspondence was sent after the SculpSure System was delivered to Plaintiffs' offices and after the Pawnee Lease Agreement was signed. Otherwise, without knowledge, and therefore denied.

103. Denied.

104. Denied.

105. Denied.

All allegations not expressly admitted herein are denied.

WHEREFORE, Pawnee respectfully requests that the Court dismiss Count I, deny Plaintiffs any relief, award Pawnee its attorneys' fees and costs associated with defending this action, and award Pawnee any further relief the Court deems just and proper.

## DEFENSES TO COUNT I

### FIRST DEFENSE

Plaintiffs fail to state a claim for breach of contract because (1) the duty of good faith and fair dealing cannot be used to contradict the express terms of the Pawnee Lease Agreement or alter the material terms of a contract, which do not permit the rejection of the SculpSure System, (2) Pawnee's authority to cancel the Pawnee Lease Agreement is not the type of discretionary authority that triggers the duty of good faith and fair dealing, and (3) even if Plaintiffs could trigger some discretionary authority on behalf of Pawnee by rejecting the SculpSure System, they failed to do so by not "immediately" rejecting the SculpSure System.

### SECOND DEFENSE

Pawnee is entitled to set off damages as a result of Plaintiffs' breach of the Pawnee Lease Agreement as set forth in Pawnee's Complaint against Plaintiffs, which has been consolidated with this proceeding.

## THIRD DEFENSE

If Plaintiffs had any right to reject the SculpSure System, they waived any breach of contract claim against Pawnee by accepting delivery of the equipment.

## FOURTH DEFENSE

Plaintiffs' claim for breach of contract is barred, in whole or in part, because Plaintiffs have failed to mitigate their damages. This failure to mitigate includes, but is not limited to, Plaintiffs' failure and/or refusal to even attempt to use the SculpSure System.

## FIFTH DEFENSE

Plaintiffs' claim for breach of contract is barred, in whole or in part, by the doctrine of estoppel. Plaintiffs induced Pawnee into paying Cynosure for the SculpSure System by signing the Pawnee Lease Agreement; agreeing to its terms; and accepting the equipment upon delivery. Thus, Plaintiffs' are estopped from claiming that Pawnee breached the Pawnee Lease Agreement by refusing to accept the return of the SculpSure System.

## SIXTH DEFENSE

Plaintiffs' claim for breach of contract is barred, in whole or in part, because the Pawnee Lease Agreement expressly disclaimed all express and implied warranties as to the condition of the equipment as well as all warranties of merchantability, fitness for a particular purpose, design, capacity, or quality with respect to the equipment.

## SEVENTH DEFENSE

Plaintiffs' claim for breach of contract is barred, in whole or in part, because Plaintiffs have not suffered any damages. To the extent that they have suffered any damages, such damages were caused by their own actions or inactions.

## COUNT II
## FRAUD IN THE INDUCEMENT
### By St. Francis and Dr. Averill Against Pawnee Leasing

106. Pawnee incorporates its responses to paragraphs 1 through 92 hereof as though fully set forth herein.

107. Denied.

108. Admitted that Pawnee never communicated with Plaintiffs regarding the requirements for procedures with the SculpSure System. Otherwise, without knowledge, and therefore denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Without knowledge, and therefore denied.

117. Denied.

118. Denied.

All allegations not expressly admitted herein are denied.

WHEREFORE, Pawnee respectfully requests that the Court dismiss Count II, deny Plaintiffs any relief, award Pawnee its attorneys' fees and costs associated with defending this action, and award Pawnee any further relief the Court deems just and proper.

## **DEFENSES TO COUNT II**

### **FIRST DEFENSE**

Plaintiffs fail to state a claim for fraud in the inducement because (1) the statements and actions of Mr. Huston, Cynosure's salesman, cannot be attributed to Pawnee, as he was not Pawnee's agent, and, (2) the Pawnee Lease Agreement's express terms regarding Plaintiffs' pre-delivery acceptance of the SculpSure System and non-cancelability were clear and enforceable.

### **SECOND DEFENSE**

Pawnee is entitled to set off damages as a result of Plaintiffs' breach of the Pawnee Lease Agreement as set forth in Pawnee's Complaint against Plaintiffs, which has been consolidated with this proceeding.

### **THIRD DEFENSE**

Plaintiffs waived any claim for fraud in the inducement by executing the Pawnee Lease Agreement and accepting delivery of the SculpSure System.

**FOURTH DEFENSE**

Plaintiffs' claim for fraud in the inducement is barred, in whole or in part, because Pawnee never made any representations to Plaintiffs concerning the SculpSure Equipment. Mr. Huston was not Pawnee's agent and he did not have the authority to act as Pawnee' agent. Thus, any statements and/or representations made by Mr. Huston cannot be attributed to Pawnee.

**FIFTH DEFENSE**

Plaintiffs' claim for fraud in the inducement is barred, in whole or in part, because Plaintiffs have failed to mitigate their damages. This failure to mitigate includes, but is not limited to, Plaintiffs' failure and/or refusal to even attempt to use the SculpSure System.

**SIXTH DEFENSE**

Plaintiffs' claim for fraudulent inducement is barred, in whole or in part, by the doctrine of estoppel. Plaintiffs induced Pawnee into paying Cynosure for the SculpSure System by signing the Pawnee Lease Agreement; agreeing to its terms; and accepting the equipment upon delivery. Thus, Plaintiffs' are estopped from claiming that Pawnee fraudulently induced them into entering into the Pawnee Lease Agreement.

**SEVENTH DEFENSE**

Plaintiffs' claim for fraudulent inducement is barred, in whole or in part, by the economic loss rule.

**EIGHTH DEFENSE**

Plaintiffs' claim for fraudulent inducement is barred, in whole or in part, because Plaintiffs have not suffered any damages. To the extent that they have suffered any damages, such damages were caused by their own actions or inactions.

**COUNT III**
**VIOLATION OF FLORIDA'S DECEPTIVE AND**
**UNFAIR TRADE PRACTICES ACT**
**By St. Francis and Dr. Averill Against Pawnee Leasing**

119. Pawnee incorporates its responses to paragraphs 1 through 92 hereof as though fully set forth herein.

120. Pawnee incorporates its responses to paragraphs 107 through 118 hereof as though fully set forth herein.

121. Denied.

122. Denied.

123. Denied.

124. Admitted that Pawnee never marketed the SculpSure System to Plaintiffs and thus never made any reports or representations regarding the efficacy or use of the equipment. Otherwise, denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

All allegations not expressly admitted herein are denied.

WHEREFORE, Pawnee respectfully requests that the Court dismiss Count III, deny Plaintiffs any relief, award Pawnee its attorneys' fees and costs associated with defending this action, and award Pawnee any further relief the Court deems just and proper.

## DEFENSES TO COUNT III

### FIRST DEFENSE

Plaintiffs fail to state a claim for violation of Florida's Deceptive and Unfair Trade Practices Act because (1) Mr. Huston was not Pawnee's agent and he did not have authority to act on behalf of Pawnee; thus, his actions are not attributable to Pawnee, (2) the express terms of the Pawnee Lease Agreement relating to Plaintiffs' acceptance of the SculpSure System, inability to return the equipment and cancel the agreement, and payment obligations are clear, and (3) Plaintiffs have suffered no actual damages.

### SECOND DEFENSE

Pawnee is entitled to set off damages as a result of Plaintiffs' breach of the Pawnee Lease Agreement as set forth in Pawnee's Complaint against Plaintiffs, which has been consolidated with this proceeding.

## THIRD DEFENSE

Plaintiffs waived any claim for violation of Florida's Deceptive and Unfair Trade Practices Act by executing the Pawnee Lease Agreement and accepting delivery of the SculpSure System even though Plaintiffs knew or should have known about any alleged limitations to the SculpSure System prior to signing the Pawnee Lease Agreement.

## FOURTH DEFENSE

Plaintiffs' claim for violation of Florida's Deceptive and Unfair Trade Practices Act is barred, in whole or in part, because Plaintiffs have failed to mitigate any alleged actual damages. This failure to mitigate includes, but is not limited to, Plaintiffs' failure and/or refusal to even attempt to make use of the SculpSure System.

## FIFTH DEFENSE

Plaintiffs' claim for violation of Florida's Deceptive and Unfair Trade Practices Act is barred, in whole or in part, by the doctrine of estoppel. Plaintiffs induced Pawnee into paying Cynosure for the SculpSure System by signing the Pawnee Lease Agreement; agreeing to its terms; and accepting the equipment upon delivery. Thus, Plaintiffs are estopped from claiming that Pawnee violated Florida's Deceptive and Unfair Trade Practices.

# COUNT IV
## RESCISSION
### By St. Francis and Dr. Averill Against Pawnee

131. Pawnee incorporates its responses to paragraphs 1 through 92 hereof as though fully set forth herein.

132. Pawnee incorporates its responses to paragraphs 107 through 118 hereof as though fully set forth herein.

133. Denied.

134. Denied.

135. Denied.

136. Denied.

137. Admitted that Plaintiffs contacted Pawnee on or about July 25, 2019 and August 7, 2019 attempting to cancel the Pawnee Lease Agreement. Otherwise, denied.

138. Denied.

139. Admitted that Plaintiffs contacted Pawnee on or about July 25, 2019 and August 7, 2019 attempting to cancel the Pawnee Lease Agreement. Otherwise, denied.

140. Without knowledge, and therefore denied.

All allegations not expressly admitted herein are denied.

WHEREFORE, Pawnee respectfully requests that the Court dismiss Count IV, deny Plaintiffs any relief, award Pawnee its attorneys' fees and costs

associated with defending this action, and award Pawnee any further relief the Court deems just and proper.

## DEFENSES TO COUNT IV

### FIRST DEFENSE

Plaintiffs fail to state a claim for rescission of the Pawnee Lease Agreement because there is no underlying fraud, mutual mistake, false representations, impossibility of performance, or other ground for rescission or cancellation of the Pawnee Lease Agreement.

### SECOND DEFENSE

Plaintiffs waived any claim for rescission of the Pawnee Lease Agreement by accepting delivery of the SculpSure System even though Plaintiffs knew or should have known about any alleged limitations to the SculpSure System prior to signing the Pawnee Lease Agreement.

### THIRD DEFENSE

Plaintiffs' claim for rescission is barred, in whole or in part, by the doctrine of estoppel. Plaintiffs induced Pawnee into paying Cynosure for the SculpSure System by signing the Pawnee Lease Agreement, agreeing to its terms, and accepting delivery of the equipment. Thus, Plaintiffs are estopped from attempting to rescind the Pawnee Lease Agreement and escape their obligations thereunder.

**OBJECTION TO PLAINTIFFS' DEMAND FOR JURY TRIAL**

Pawnee objects to Plaintiffs' demand for a trial by jury based on the Pawnee Lease Agreement's jury trial waiver.

                              */s/ William A. McBride*
                              AMY L. DRUSHAL
                              Florida Bar No. 0546895
                              adrushal@trenam.com / lbehr@trenam.com
                              WILLIAM A. MCBRIDE
                              Florida Bar No. 112081
                              bmcbride@trenam.com / lbehr@trenam.com
                              TRENAM, KEMKER, SCHARF, BARKIN,
                               FRYE, O'NEILL & MULLIS, P.A.
                              101 East Kennedy Boulevard
                              2700 Bank of America Plaza
                              Tampa, FL 33601-1102
                              Telephone: (813) 223-7474
                              Attorneys for Defendant, Pawnee
                              Leasing Corporation

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 11, 2021, a copy of the Defendant, Pawnee Leasing Corporation's Answer and Defenses to Second Amended Complaint was electronically filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing and copy to all counsel of record.

                              */s/ William A. McBride*
                                    Attorney